Opinion for the court filed by Circuit Judge BUCKLEY.
 

 BUCKLEY, Circuit Judge:
 

 The District of Columbia appeals two orders of the district court. The first held that the District had improperly terminated a lease of office space in a building that the Resolution Trust Corporation had acquired as the successor-in-interest to the original lessor. The second found that the District was liable for $1,989,811.50 in unpaid rent. We find that an estoppel certificate signed by the District barred it from terminating the lease under the lease’s bankruptcy clause.
 

 I. BACKGROUND
 

 On or about May 1, 1988, the 900 F Limited Partnership (“Partnership”) as lessor, and the District of Columbia, as lessee, entered into a lease for the third through tenth floors of an office building located at 900 F Street, N.W., Washington, DC (“building” or “property”). The building was used to house the University of the District of Columbia’s College of Business and Public Administration (the District of Columbia and the University will be collectively referred to as the “District”). The lease was to terminate on April 30, 1988; but in September 1988, the parties extended its term through April 30, 1995.
 

 In the spring of 1992, the Partnership and certain related parties entered into a global financial settlement with the Partnership’s mortgagee, HomeFed Bank, F.S.B. Pursuant to the terms of the settlement agreement, the Partnership assigned the District’s lease to HomeFed on May 21, 1992; and, on the following day, it transferred title to the property to the Bank in a “deed in lieu of foreclosure” transaction. The District received a notice of the transfer two weeks later, on June 3,1992. Prior to the transfer, HomeFed had asked the District to sign an estoppel certificate confirming that the District was the tenant and certifying that there were no existing or anticipated breaches of the lease. The District signed the certificate on July 20,1992.
 

 HomeFed was placed in receivership on July 6,1992, and the Resolution Trust Corporation (“RTC”) was appointed its receiver. As such, the RTC succeeded to all of Ho-meFed’s “rights, titles, powers, and privileges” in the lease and property. 12 U.S.C. § 1821(d)(2)(A)(i).
 

 Almost five months later, by copy of a letter dated November 30, 1992, the District informed the RTC that it was terminating the lease because it had “become aware of the circumstances of the transfer of ownership to the HomeFed Bank ... [and] of the fact that the property ha[d] subsequently become an asset of the Resolution Trust Corporation.” Appendix (“App.”) at 43. The letter referred to the lease’s bankruptcy clause and stated that it was the District’s position “that the Lessor is and has been in breach of the lease ... [and that] this shall serve as notice to the [L]essor ... that the lease is terminated_”
 
 Id.
 
 at 44. The bankruptcy clause provides, in pertinent part, that
 

 [i]f the Lessor shall fail in business, make an assignment, or other conveyance in trust for the benefit of his creditors, or be adjudged a bankrupt, or if he shall file a petition in any court for a debtor’s arrangement, ... then upon the happening of any such event, at the discretion of the District, the lease shall cease and terminate.
 

 Id.
 
 at 15, ¶ 14.
 

 After receiving the District’s letter, the RTC filed suit in the United States District Court for the District of Columbia alleging that the termination was invalid and seeking the recovery of rent due. The District defended on the ground that it had properly terminated the lease under the bankruptcy clause because the Partnership had “failed in business.” The matter was referred to a magistrate judge who recommended that the RTC’s motion for partial summary judgment be granted and that the District’s motion for summary judgment be denied. The magistrate judge found that the “Bankruptcy Clause does not apply to the facts at hand” and that the District’s allegations were insuf-
 
 *608
 
 fícient to support a finding that the Partnership had “failed in business.” App. at 116. The judge also found that even if the bankruptcy clause were to apply, it “would be overridden by federal banking law [12 U.S.C. § 1821(e)(12)(A) ],” and that the lease’s subordination clause obligated the District to recognize the RTC as landlord.
 
 Id.
 
 at 116 n. 11, 117.
 

 In an order filed August 30, 1994, the district court granted the RTC’s motion for summary judgment “for substantially the same reasons given by the Magistrate Judge.”
 
 Id.
 
 at 119. In a “final judgment order” filed October 6, 1994, the court entered judgment against the District in the amount of $1,989,811.50 for rent owed through November 1993. The District appeals both orders.
 

 II. Discussion
 

 The RTC argues on appeal that the Partnership did not “fail in business” within the meaning of the bankruptcy clause, that the lease’s subordination clause required the District to recognize HomeFed as its landlord, that the RTC had the statutory authority to enforce the lease, and that the estoppel certificate barred the District from invoking the bankruptcy clause. Because we find the last argument dispositive, we do not reach the others.
 

 Although neither the magistrate judge nor the district court expressly relied on the estoppel certificate in granting the RTC’s motion for summary judgment, we may affirm a grant of summary judgment for reasons other than those given by the district court.
 
 See Doe v. Gates,
 
 981 F.2d 1316, 1322 (D.C.Cir.1993). Summary judgment is appropriate here only if “there is no genuine issue as to any material fact” and the RTC “is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
 

 The estoppel certificate contains the following relevant representations:
 

 There exists no default under the Lease on the part of Landlord, or to our knowledge on the part of Tenant, or event or condition which with notice or passage of time or both would constitute such a default on the part of Landlord or, to our knowledge, Tenant.
 

 * * * * *
 

 The undersigned acknowledge that this letter may be relied upon by any. assignee of Landlord’s interest in the Premises, including Purchaser.
 

 App. at 41-42. The District does not contest that, if enforceable, the estoppel certificate would bar it from asserting a “failure in business” by the Partnership as grounds for terminating the lease. Rather, it argues that the certificate is unenforceable because Ho-meFed and the Partnership made misleading representations and failed to disclose certain material information at the time the certificate was solicited. Thus, in its view, the issue before the court is “whether the signing of the certificate was induced by misrepresentations or improper failures to disclose information in whatever form.”
 
 Id.
 
 at 19. Furthermore, because that issue involves disputed questions of fact, the District maintains that the summary judgment in favor of the RTC must be set aside. That argument presupposes, however, the existence of affirmative misrepresentations or failures to inform of a kind that would permit the avoidance of an agreement.
 

 The District does not assert that HomeFed or the Partnership
 
 intentionally
 
 misstated a fact. Therefore, we look to the District of Columbia law governing the avoidance of a contract for innocent misrepresentation. Under that law, a party may void a contract if he can demonstrate,
 
 inter alia,
 
 that “the maker made an assertion ... that was not in accord with the facts” and that it “was relied upon ... justifiably_”
 
 Barrer v. Women’s Nat’l Bank,
 
 761 F.2d 752, 758 (D.C.Cir.1985) (describing five conditions that must be met in order to void a contract for innocent misrepresentation);
 
 see also Greene v. Gibraltar Mortgage Investment Corp.,
 
 488 F.Supp. 177, 179 (D.D.C.1980). Under certain very limited circumstances, a failure to disclose a material fact may be deemed a misrepresentation sufficient to void a contract.
 
 See Barrer,
 
 761 F.2d at 758 (describing “non-disclosures that may be considered assertions of fact for purposes of
 
 *609
 
 misrepresentation analysis”);
 
 Greene,
 
 488 F.Supp. at 179 (“[o]mission ... of material facts can constitute a misrepresentation, just as a positive, direct assertion can”).
 

 The only affirmative misrepresentation specifically alleged by the District is the following statement in the estoppel certificate: “We understand that Perpetual Asset Management Company, Inc. [an affiliate of Ho-meFed] or its affiliate ... is
 
 purchasing
 
 the building.” App. at 41 (emphasis added). The District suggests that this statement was misleading because the term “purchasing” did not “signal that what was going on was a transaction by a failed business in lieu of a mortgage foreclosure.” Brief for Appellant at 18.
 

 Contrary to what the District suggests, this statement is not “an assertion that is not in accord with the facts.”
 
 See
 
 Restatement (Second) of Contracts § 159 (1979) (“Restatement”) (defining “misrepresentation”). As a preliminary matter, it is not at all clear that statements in the estoppel certificate may be attributed to HomeFed for the purposes of a misrepresentation analysis. Although the certificate was prepared by HomeFed’s attorneys, it is an instrument memorializing the District’s own understanding and intentions, not HomeFed’s. But even if the representations in the estoppel certificate are deemed to be those of HomeFed, we find that the quoted statement is in full accord with the facts. Black’s Law Dictionary 1110 (Fifth ed. 1979) defines “purchase” as the “[transmission of property from one person to another by voluntary act and agreement, founded on a valuable consideration.” The transaction here fits this definition hand in glove, as the extinction of the obligation secured by the mortgage must be conceded to be valuablé consideration. Thus, it is entirely accurate to describe HomeFed’s acquisition of the property by deed in lieu of foreclosure as a purchase.
 

 Although we find that there was no material misstatement of fact, we also doubt whether the District could have shown that its reliance on any misstatement was justifiable. In
 
 Barrer,
 
 we cited section 172 of the Restatement, 761 F.2d at 759, which provides as follows:
 

 A recipient’s fault in not knowing or discovering the facts before making the contract does not make his reliance unjustified unless it amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing.
 

 Comment b to section 172 deals with “good faith and fair dealing.” It states that “the recipient is generally entitled to rely on the maker’s assertions as to his knowledge without undertaking an investigation as to their truthfulness.”
 
 Id.
 
 emt. b. Nevertheless,
 

 [i]f the recipient knows that the assertion is false or
 
 should have discovered its falsity by making a cursory examination,
 
 his reliance is clearly not justified and he is not entitled to relief.
 

 Id.
 
 (emphasis added).
 

 While the comment is somewhat contradictory as to when reliance is justifiable, it appears that, in this case, a cursory examination of the following language in the three-page estoppel certificate should have alerted the District to the nature of the transaction:
 

 As a condition to Purchaser’s acquisition of the Building, you are requiring this letter from the undersigned, pursuant to Section 4.4.19 of that certain Settlement Agreement dated as of April 3, 1991 by and among HomeFed Bank, FSB, Perpetual Asset Management Company, Inc., the undersigned, as Guarantors, and the Borrowers named therein (“Settlement Agreement”).
 

 App. at 41. The transfer of real property to a bank pursuant to a settlement agreement involving
 
 borrowers
 
 and
 
 guarantors
 
 should have put a reasonable person on notice that the equivalent to a foreclosure was taking place. Nevertheless, because we find no material misstatement of fact, we need not definitively resolve this question.
 

 The District also contends that the Partnership and HomeFed failed to disclose material facts when they sought its signature on the estoppel certificate. Specifically, it asserts that HomeFed and the Partnership had information “relating to the partnership’s financial status, and the fact that the transfer of the office building to HomeFed was in lieu of a[n] ... imminent mortgage foreclosure,”
 
 *610
 
 which they did “not disclose[ ] to the District when these parties solicited the District’s signature on the estoppel certificate.” Brief for Appellant at 17.
 

 The District claims that as a consequence of these omissions, it was unaware that the Partnership was in default at the time it signed the estoppel certificate; and it notes that “a failure to disclose material information in circumstances where a party is likely to take action based on a misrepresentation ... can render a contractual obligation voidable.”
 
 Id.
 
 at 18 (citing
 
 Barrer
 
 and
 
 Greene).
 
 But as we pointed out in
 
 Barrer,
 
 before such a failure may be viewed as an assertion of fact for purposes of a misrepresentation analysis, the non-disclosures must be
 

 of facts known to the maker where the maker knows that disclosure: (a) is necessary to prevent a previous assertion from being a misrepresentation or from being fraudulent or material, (b) would correct a mistake of the other party as to a basic assumption on which that party is making the contract, if non-disclosure amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing, or (e) would correct a mistake of the other party as to the contents or effect of a writing.
 

 Barrer,
 
 761 F.2d at 758.
 

 The District has failed to show that the non-disclosures complained of meet any of these requirements. The District has not called our attention to any “previous assertion” that could be considered a misrepresentation of a fact known to the Partnership and HomeFed. While it is true that the District claims to have been misled by the certificate’s use of the word “purchasing,” as we have explained above, that term was used correctly; and there is no reason to believe that HomeFed knew or should have known that the District was confused as to its meaning. Nor does the District assert that the other parties acted in other than good faith, or that it did not understand the contents or effect of the estoppel certificate.
 

 III. CONCLUSION
 

 Because the District has failed to point to an affirmative misrepresentation or to a failure to disclose that would permit the voiding of a contract, we hold that the estoppel certificate is enforceable as a matter of law. As a consequence, the District was barred from terminating the lease pursuant to its bankruptcy clause. The orders of the district court are therefore
 

 Affirmed.